HLD-004                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2439
_____

IN RE: LAQUON TERRANCE ROBINSON,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-06-cr-00318-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 10, 2022

Before:  CHAGARES, Chief Judge, HARDIMAN and PHIPPS, Circuit Judges

(Opinion filed February 2, 2023 )
_____

OPINION[*]
_____

PER CURIAM

Laquan Robinson petitions pro se for a writ of mandamus, requesting that we

compel the United States District Court for the Western District of Pennsylvania to rule

on motions for compassionate release that he filed pursuant to 18 U.S.C. § 3582(c)(1)(A).

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

He has also filed a supplemental petition reiterating that request.  By order entered December 9, 2022, the District Court denied his motions for compassionate release.

In light of the District Court's action, Robinson's mandamus petition no longer presents a live controversy.  We will accordingly dismiss his petition and supplemental petition as moot.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").